TRAUGHBER *v.* SMELSER.

(*Nashville.* March 1, 1902.)

1. JURY TRIAL. *Erroneously refused in Chancery Court.*

It is error for the Chancellor to refuse complainant's demand for jury trial of the issues of fact presented by his bill, and denied by the answer, averring the making of a will by a testator when he was sane and its destruction by him when insane, and seeking to set it up, and also averring conveyance of the devised property by him while insane, and seeking to set it aside.

2. COURT OF CHANCERY APPEALS. *Finding of, in double aspect.*

Where the Court of Chancery Appeals reverses a chancery cause on complainant's appeal, on account of the Chancellor's refusal of his demand for a jury trial and remands the cause for a new trial, and likewise embraces in its opinion a finding in complainant's favor upon the facts, refusing, however, to pronounce final decree thereon, this Court will not, upon complainant's appeal from that decree, permit him to abandon his claim for new trial and take final decree on the finding of facts in his favor.

3. COSTS. *Adjudication of.*

It is not error to adjudicate aliquot parts of the costs of a chancery cause against the several defendants and to refuse to pronounce joint decree for same against all of the defendants, where the defendants claim separate undivided interests in the property involved, which are not identical, but to some extent hostile.

FROM ROBERTSON.

Appeal from the Chancery Court of Robertson County. J. S. GRIBBLE, Ch.

H. C. TRUE, JOHN F. HOUSE and JOEL B. FORT for Traughber.

A. E. GARNER and LOUIS T. COBBS for Smelser.

WILKES, J. The bill in this cause was filed to set up a will, which it is claimed was made by G. W. Smelser when of sound mind, and afterward destroyed by him when of unsound mind, and which he was induced to destroy by fraud and undue influence. Also to set aside a deed which Smelser made to J. T. and Emiline Aikin for certain lands, and a sale of personal property, on the ground that the sales and conveyances were procured by fraud and undue influence, and while the maker was of unsound mind. Complainant demanded a jury to try the issues presented in the case, which demand was resisted by the defendants and refused by the Chancellor, to which action complainant excepted.

Proof was taken, and on final hearing the Chancellor found for the defendants and dismissed complainant's bill, taxing him with the costs. Complainant appealed and assigned two errors.

1. That the Chancellor erred in refusing a jury upon complainant's demand, and

2. That he erred in holding that the equities of the bill were met and denied by the answers of defendants, and not sustained by the evidence.

The Court of Chancery Appeals held that the

Traughber *v.* Smelser.

Chancellor erred in not granting the trial by jury, and reversed the case upon this ground, and remanded the cause for trial before a jury in the Court below.

The Court of Chancery Appeals, however, was of opinion it was its duty to find the facts in the case from the record, stating, in substance, that it was so done in view of the fact that the Supreme Court might not concur in their opinion as to the right of complainant to a jury trial, and in that event the facts should be found by that Court, and that the Supreme Court could thereupon render such decree on the facts as it might see proper.

The complainant has appealed to this Court and assigned errors. The defendants are content to abide the decree of the Court of Chancery Appeals, and have not appealed.

We thus have the complainant entirely successful in his contentions before the Court of Chancery Appeals on every point appealing from the decree of that Court, and the defendants, who lost everything before that Court, content to abide its decision and resisting the appeal of the complainant to this Court.

But while this is true, it is apparent that the result of the holding of the Court of Chancery Appeals is unfavorable to the appellant, and to some extent favorable to the defendants. While facts are found which would entitle the com-

plainant to relief on the merits, he is not given the benefit of this finding, but is remitted to the Court below to litigate the same facts before a jury, and with a provision in the opinion of the Court of Chancery Appeals that its finding in his favor shall not be called to the attention of the jury, nor allowed in any manner to influence the determination of the issue submitted to them.

On the other hand, while the facts are found entirely against defendants, it is the result of the holding of the Court of Chancery Appeals that it shall be held for nothing, but defendants are allowed to relitigate the facts in the Court below before a jury, and without any prejudice arising out of the finding against them by that Court.

The Court of Chancery Appeals, while it finds the facts, makes no decree upon them. The only decree it makes is that the cause be remanded to the Court below for a trial before a jury of the facts which it has already found and reported.

The contention of the appellant in this Court is not that it was error to hold that a jury should have been granted in the Court below. It is still insisted that complainant was entitled to a jury. But the contention now is that the Court of Chancery Appeals, having proceeded to find the facts, should have gone further and rendered decree thereon, disregarding the jury feature.

We have no contest, therefore, over the decree the Court of Chancery Appeals did render, which held complainant entitled to a jury, but it is insisted that the Court of Chancery Appeals should not have remanded, but should have given judgment on its findings of fact.

The Chancellor having incorrectly denied the complainant his demand for a jury, and he having excepted to his action, and having pressed his exception, and the refusal as an error on the appeal, and having been successful in the Court of Chancery Appeals, he must accept the result of his success and proceed to have his case heard before a jury as demanded by him in both Courts. He cannot be allowed in this Court to say that he will not accept the relief which he sought for in the Court below, but will be held to take that for which he asked. In this aspect of the case, the finding of facts by the Court of Chancery Appeals must be treated as superfluous.

It was not designed to have any force and effect unless this Court should be of opinion there was error in its granting a jury to complainant, as asked for by him, but this Court being of opinion that the action of the Court of Chancery Appeals, in granting the trial by jury, and remanding for that purpose, is correct, on appellant's insistence, the subsequent action of the Court of Chancery Appeals must pass for naught

and be treated as though it had never been had.

Objection is made as to the adjudication of the costs of appeal by the Court of Chancery Appeals. As finally adjudicated by that Court, the costs of appeal were divided into three parts, and it was directed that one-third be paid by Aikin and wife, one-third by Stephen Smelser, and one-third by Mary Cook. It is insisted that these costs should have been taxed jointly against the three, so that, in the event of the insolvency of either, the entire costs could be made out of the others. The Court of Chancery Appeals based their adjudication and division of the costs upon the fact each claimed separate undivided interests in the property in litigation, and their interests were not identical, but to some extent hostile to each other.

We think this is an equitable disposition of the costs, as each litigated for his own share, and the decree of the Court of Chancerv Appeals as to the costs will not be disturbed.

Upon the whole case, we see no reversible error in the decree of the Court of Chancery Appeals, and it is affirmed, and the cause remanded.